UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theresa Ellis,<br><br>        Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Acting Commissioner of<br>Social Security Administration,[1]<br><br>        Defendant. | C/A No. 5:21-1336-KDW<br><br>ORDER |

This social security matter is before the court pursuant to 28 U.S.C. § 636(c) and Local Civil Rule 83.VII.02 (D.S.C.) for final adjudication, with the consent of the parties, of Plaintiff's petition for judicial review. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). On November 11, 2021 Plaintiff filed a Motion to Remand, asking that the court remand the case back to the Appeals Board of the Social Security Administration based on new medical evidence. ECF No. 28. Defendant filed a Response in opposition to Plaintiff's motion on December 1, 2021. ECF No. 30. Having carefully considered the parties' submissions and the applicable law, the court denies Plaintiff's motion for remand and affirms the Commissioner's decision for the reasons discussed herein.

I.    Relevant Background

    A.    Procedural History

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the named defendant in this action.

On April 2, 2019,[2] Plaintiff filed an application for DIB under Title II of the Act, alleging a disability onset date of February 6, 2019. Tr. 219-20. Plaintiff's application was denied initially, Tr. 123, and upon reconsideration, Tr. 141. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 154-55, and on June 11, 2020, a hearing was held in Charleston, South Carolina before ALJ Richard LaFata, Tr. 34. On July 16, 2020, the ALJ issued an unfavorable decision, finding Plaintiff not disabled within the meaning of the Act. Tr. 13-28. Plaintiff requested review of the ALJ's decision. Tr. 210-13. On October 5, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 5-9. Thus, the ALJ's decision became the final decision of the Commissioner. Tr. 5. Plaintiff brought this action seeking judicial review of the Commissioner's decision in a Complaint filed on May 5, 2021. ECF No. 1. Defendant filed an Answer and Certified Administrative Record on September 13, 2021. ECF No. 20. After receiving two extensions, Plaintiff filed a Motion to Remand on November 19, 2021. ECF No. 28. Defendant filed a response on December 1, 2021, ECF No. 30, and filed supplemental medical records on March 24, 2022, ECF No. 34.

B.      Plaintiff's Background

Plaintiff was born on February 10, 1971, and was just shy of her 48th birthday on her alleged onset date of February 6, 2019. Tr. 228. Plaintiff's date last insured was December 31, 2019. *Id.* In her Disability Report-Adult form, Plaintiff indicated that she completed the 12th grade, did not attend special education classes, and had not completed any type of specialized job training, trade, or vocational school. Tr. 233. Her past relevant work ("PRW") included substitute teacher, pharmacy technician, customer service, and convenience store assistant manager. Tr. 234. Plaintiff indicated that she stopped working on December 2, 2015 because of

---

[2] Although the date of the Application Summary is April 19, 2019, and it references a contact date of April 8, 2019, according to the Disability Determination Transmittal, Plaintiff's filing date was April 2, 2019. Tr. 123.

2

her medical conditions listed as cardiovascular disease, chest pain, shortness of breath, spinal stenosis, degenerative disc disease, arthritis, stage 3 kidney disease, dizziness, angina, and arteriosclerosis. Tr. 232. Plaintiff indicated that she is 5'6" tall, weighed 221 pounds, and her conditions caused her pain and other symptoms. *Id*.

II.     Discussion

    A.     The ALJ's Findings

In his July 16, 2020 decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2019.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 6, 2019 through her date last insured of December 31, 2019 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease (DDD), coronary artery disease (CAD) status post coronary artery bypass graft (CABG), depression and obesity (20 CFR 404.1520(c)).

4. The claimant has the following nonsevere impairments: a history of chronic kidney disease, diabetes mellitus, hypothyroidism, hyperlipidemia, diffuse idiopathic skeletal hyperostosis (DISH), tension headaches and hypertension.

5. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to sitting for 6 hours in an 8 hour workday, standing for 2 hours in an 8 hour workday, walking for 2 hours in an 8 hour workday; push/pull as much as can lift/carry. The claimant can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance occasionally; stoop occasionally; kneel occasionally; crouch occasionally; never crawl. The claimant can never work at unprotected heights. She must avoid concentrated exposure to humidity, avoid concentrated exposure to extreme heat and extreme cold. She is able to perform simple, routine tasks; perform simple work-

related decisions as to use of judgment and dealing with changes in a routine work setting; interact with supervisors frequently; interact with coworkers occasionally; interact with the public on an incidental basis only. She is able to make simple work-related decisions. Work must allow for a sit/stand option; specifically, a brief postural change at or near the workstation, and no more frequently than up to twice in an hour and a duration no greater than up to five minutes each. The claimant's Time Off Task needs can be accommodated by normal breaks.

7. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

8. The claimant was born on February 10, 1971 and was 48 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).

9. The claimant has at least a high school education (20 CFR 404.1564).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

12. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 6, 2019, the alleged onset date, through December 31, 2019, the date last insured (20 CFR 404.1520(g)).

Tr. 18-19, 21, 26-27.

    B.    Legal Framework

        1.    The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability," defined as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is working; (2) whether the claimant has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[3] (4) whether such impairment prevents claimant from performing PRW; and (5) whether the impairment prevents the claimant from performing specific jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The

---

[3] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the listed impairments, found at 20 C.F.R. Part 404, Subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981)*; see generally Bowen*, 482 U.S. at 146, n.5 (regarding burdens of proof).

2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d at 290 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 428 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence.

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining that, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high," as it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings, and that the conclusion is rational. *See Vitek*, 428 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (stating sentence four and sentence six are the "exclusive" methods by which courts may remand social security appeals). Under sentence four, courts may order remand to correct a substantive error in the Commissioner's final decision, for example, reversing and remanding a case where an ALJ's decision is not supported by substantial evidence. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g) (recognizing that, under sentence four, courts may enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for rehearing.")). A court's review under sentence four is limited to the certified administrative record. *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc) (quoting *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972) ("'Reviewing courts are restricted to the administrative record in performing their limited

function of determining whether the Secretary's decision is supported by substantial evidence.'")). Pursuant to sentence four, the court may remand the matter for rehearing, and may instruct the Commissioner to further consider/develop the record upon rehearing.

However, under sentence six of 42 U.S.C. § 405(g), Congress has explicitly provided a mechanism for a court's consideration of new information that is not part of the certified administrative record. *See* 42 U.S.C. § 405(g) (sentence six). Sentence six remand is appropriate when a plaintiff submits new evidence and further shows that: (1) the new evidence is material to his alleged disability; and (2) he had good cause for failing to submit the evidence earlier. *See* 42 U.S.C. § 405(g) (sentence six: a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"); *see also Melkonyan*, 501 U.S. at 99, 100; *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that all sentence-six requirements have been met rests with the plaintiff. *Fagg v. Chater*, 106 F.3d 390, at *2 (4th Cir. 1997)). "The Fourth Circuit has held that if 'newly discovered evidence' was already available to a claimant while the claimant's case was still pending before the Appeals Council, the claimant cannot amend the record at the district court stage unless he first shows good cause for failing to amend previously." *Shaver v. Colvin*, No. 3:13-CV-00388-FDW, 2014 WL 3854143, at * 3 (W.D.N.C. Aug. 6, 2014) (citing *McAbee v. Halter*, No. 00-2198, 2001 WL 1251452 (4th Cir. Oct. 19, 2001)).

  C. Analysis

Plaintiff seeks remand based on new evidence that was not considered by the Appeals Council. Pl.'s Br. 1. Because Plaintiff is seeking remand to the Appeals Council, a review of the procedural history is appropriate.

      1.      Appeals Council Review

After the ALJ rendered his decision on July 16, 2020, Plaintiff requested review of the ALJ's decision. Tr. 210-12. Plaintiff did not submit any attached files and did not request an extension of time. Tr. 212. Upon receipt of the request for review, on July 30, 2020 the Appeals Council notified Plaintiff that she could send in more information and it would "consider additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision." Tr. 11. The Appeals Council also informed Plaintiff that she must show "there is a reasonable probability that the additional evidence would change the outcome of the decision" and that she "must show good cause" for why she did not submit the evidence earlier. *Id.* The Appeals Council noted that if Plaintiff had more information, she must send it within 25 days and if she did not, the Appeals Council would assume she did not want to send more information and it would proceed on the record it had. Tr. 11-12.

On October 5, 2020, the Appeals Council issued its Notice of Appeals Council Action denying Plaintiff's request for review noting that it found to reason under its rules to review the ALJ's decision. Tr. 5. The Order of Appeals Council indicated that the only exhibit received was Plaintiff's Request for Review of Hearing Decision/Order, which it made a part of the administrative record. Tr. 9. Plaintiff was instructed that if she disagreed with the Appeals Council's action, she could file a civil action complaint in the United States District Court within 60 days. Tr. 6.

On February 20, 2021, Plaintiff's counsel contacted the Appeals Council requesting an extension of time to file an appeal. Tr. 3-4. On March 31, 2021, the Appeals Council granted Plaintiff a 30-day extension (plus a five-day mailing period) to file a civil action. Tr. 1. Plaintiff filed her Complaint in this court on May 5, 2021.

    2. Sentence Six Remand

As noted above, sentence four and sentence six are the exclusive methods by which a court may remand a social security appeal. Because the court's review under sentence four is limited to the certified administrative record, and Plaintiff is asking the court to consider new information that is not part of the administrative record, the court will consider this a request for remand pursuant to sentence six of 42 U.S.C. § 405(g).

Sentence six requires the court determine whether: (1) the evidence is new; (2) the evidence is material; and (3) there was good cause for failure to incorporate the evidence into the record during the administrative proceedings. A sentence six remand may be "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 627 (1990). Plaintiff bears the burden to show good cause for the failure to submit the evidence at the administrative level. *See Hammond v. Apfel*, 5 F. App'x 101, 104 (4th Cir. 2001).

In her Motion to Remand, Plaintiff argues that the court should remand her case back to the Appeals Council on the basis that "new medical evidence demonstrates a change and worsening of Plaintiff's condition and that the new evidence should be considered by the [Social Security Administration] because the evidence is new and material to the case." ECF No. 28 at 1. Plaintiff also contends that "it would be cumbersome for the Court to consider evidence not

reviewed by the Appeals Board and simultaneously render justice to the Plaintiff while preserving judicial economy." *Id.*

Defendant notes that the evidence at issue consists of various medical records from 2020-2021.[4] Defendant asserts that some of evidence is not new, and if new, it is not material. ECF No. 30 at 3. Defendant notes that "all of the evidence is dated after Plaintiff's date last insured of December 31, 2019 and is thus not relevant (Tr. 18)." *Id.* Defendant argues that "[b]ecause the extra-record evidence is not 'new' or 'material,' it does not meet the requirements for a remand under sentence six of 42 U.S.C. § 405(g)." *Id.* at 4.

Plaintiff did not file a Reply to Defendant's Response.

Although Plaintiff argues the records indicate a worsening in her condition, she did not cite to specific records for the court's consideration in support of her allegation. Plaintiff alleged an onset date of February 6, 2019, and her date last insured was December 31, 2019. *See* Tr. 18. The court has reviewed the supplemental medical records submitted by the Commissioner and finds that the supplemental records postdate the relevant period. "[I]f the new evidence shows merely that the claimant's condition deteriorated after the administrative hearing, the evidence is not relevant to the claimant's condition during the time at issue." *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *11 (E.D.N.C. Feb. 23, 2009) (citing *Rhodes v. Barnhart,* 2005 U.S. Dist. LEXIS 42876, at *33–34 (W.D.N.C. Mar. 30, 2005), *aff'd,* 176 F. App'x. 419 (4th Cir. Apr. 20, 2006) (new evidence must relate to the time period for which benefits were denied and may not merely be evidence of a later-acquired disability or of subsequent deterioration of the previously non-disabling condition) (citing *Raglin v. Massanari,* 39 F. App'x. 777, 779 (3d Cir. 2002)). "Additional evidence showing a deterioration in a claimant's condition significantly after

---

[4] At the court's request, Defendant provided copies of these records to the court. *See* Supplemental Medical Records at ECF No. 34.

the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

III.  Conclusion

The court denies Plaintiff's request for remand pursuant to sentence six of 42 U.S.C. § 405(g) as she has not met the burden of showing the evidence was new and material. If Plaintiff believes that her condition has deteriorated since the ALJ's decision, she may file a new claim with the SSA for a subsequent period of disability and submit the additional evidence.

Further, Plaintiff has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through an application on an incorrect legal standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g). Therefore, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

May 4, 2022  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge